IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES RAY ROBINSON | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv501 |
| OFFICER WHITTENBERG, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Charles Ray Robinson, an inmate confined in the Henderson County Detention Center, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

I.  **BACKGROUND**

In his amended complaint (docket entry #8), Plaintiff contends that Defendants infringed on his Eighth and Fourteenth Amendment constitutional rights. Specifically, he alleges that on June 23, 2010, he complained to Corporal MacIntosh about Officer Whittenberg passing out commissary items when he had been advised that inmate lunch trays were ready for distribution. Amended Complaint at 4. However, he alleges, Officer Whittenberg ignored the lunch trays and continued to pass out commissary items instead. *Id*. After a delay of about 15 minutes, he then passed out the lunch trays to G Pod and F1 Pod. *Id*. When he was passing out trays to F3 Pod, Officer Whittenberg allegedly asked to see Plaintiff's wristband and Plaintiff told him he did not have one. *Id*. at 4A (PageID #36). Officer Whittenberg then left and returned with another officer; both entered F3 and stood at the front of the pod in view of the security camera. *Id*. Officer Whittenberg called Plaintiff to him and allegedly ordered him to strip and to hand him his clothes. *Id*. Plaintiff alleges he refused and returned to eating at his table. *Id*. However, when he arose to wash, he alleges that Officer

1

Whittenberg "grabbed Plaintiff by the arm and again demanded that he strip." *Id*. Plaintiff pulled his arm away and backed into the corner, prompting Officer Whittenberg to call additional staff. *Id*.

Plaintiff was then allegedly "wrestled to the floor, cuffed and taken to separation room 8." *Id*. at 4B (PageID #37). In separation, Plaintiff alleges he spoke with Sergeant Rhodes, who appeared surprised at the orders given to Plaintiff to strip. *Id*. Plaintiff contends that Officer Whittenberg's and other officers' experience should have familiarized them with offender strip search procedures. *Id*. He contends that he was subjected to cruel and unusual punishment when he was ordered to strip in view of the security camera. *Id*.

Plaintiff next alleges that he contacted Defendant J. Nixon as Chairperson of the Disciplinary Review Board about the incident and his confinement in the separation room without a disciplinary hearing. *Id*. at 4C (PageID #38). He contends he was told in writing that he was not in a disciplinary status. *Id*. He next alleges that Defendant Nixon told him in person that she would not intervene on his behalf. *Id*. He therefore alleges that she also subjected him to cruel and unusual punishment without due process of law. *Id*.

Next, Plaintiff alleges he filed a grievance against Officer Whittenberg to Defendant Captain M. Starkey, who Plaintiff alleges noting to "procure Plaintiff[']s release from separation." *Id*. at 4C-4D (PageID #38-39).

He alleges he filed another grievance to Defendant Starkey on June 30, 2010, concerning being housed in separation. *Id*. at 4D (PageID #29). Captain Starkey responded that Plaintiff was not in a disciplinary status but did nothing to release him from separation. *Id*. He therefore alleges that Captain Starkey also subjected him to cruel and unusual punishment by ignoring his continued housing in separation without due process. *Id*.

Plaintiff seeks relief in the form of an order to permit his regular use of the law library; $10,000 in compensatory damages; $10,000 in punitive damages per Defendant; and $100 per day for each day Plaintiff was "illegally detained in separation without due process." *Id*. at 4E (PageID #40).

Following difficulty in service of the complaint and summons, Defendants filed an answer on October 11, 2012. On December 17, 2012, Defendants filed a Motion for Summary Judgment on Plaintiff's Failure to Exhaust Administrative Remedies (the "MSJ") (docket entry #32). Plaintiff filed a Rebuttal to Defendants' Motion for Summary Judgment on Plaintiff's Failure to Exhaust Administrative Remedies (docket entry #42) (the "Response") on February 6, 2013.[1]

## II. STANDARD ON SUMMARY JUDGMENT

Rule 56(a), Fed. R. Civ. P., provides that the Court may only grant a motion for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *First American Title Ins. Co. v. Continental Cas. Co.*, - - - F.3d - - - -, 2013 WL 757655, at *2 (5th Cir. Feb. 28, 2013) (quoting Fed.R.Civ.P. 56(a)); *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011) (same). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's

---

[1] On January 24, 2013, Defendants also filed a Motion for Summary Judgment (docket entry #39) on the merits. Plaintiff's motion for an extension of time in which to file a response is outstanding. However, based on the result and judgment herein, the second MSJ and any response thereto is moot.

3

burden. *Id*.

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "When the moving party has carried its burden under Rule 56(c),[2] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

---

[2] The predecessor to the current Rule 56(a).

there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (footnote omitted).

Furthermore, in that this is a civil rights claim pursuant to 42 U.S.C. § 1983, "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 Fed. Appx. 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).

## III. DISCUSSION AND ANALYSIS

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Later, the Supreme Court reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id*. at 83. Most recently, the Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." However, "failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Subsequently, the Fifth Circuit added that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th

5

Cir. 2007); *Torns v. Mississippi Dept. of Corrections*, 301 Fed. Appx. 386, 388-89 (5th Cir. 2008) (per curiam).

Most recently, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*), and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement," *Gonzalez*, 702 F.3d at 788. Having reaffirmed the mandatory nature of exhaustion in *Gonzalez*, the Fifth Circuit again noted that "'failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.'" *Id*. at 788 n.1 (quoting *Jones*, 549 U.S. at 216, 127 S. Ct. 910). However, the Fifth Circuit did not retreat from its position in *Carbe*, *supra*, that a complaint is still subject to dismissal where the prisoner's failure to exhaust appears on the face of the complaint.

Here, neither party has submitted any listing of undisputed material facts, but Defendants have made a narrative "Statement of Material Facts." *See* MSJ at 2-4. In this narrative, they assert the affirmative defense of failure to exhaust administrative remedies. Defendants accordingly contend that the Henderson County Detention Facility has a written grievance procedure that is mandatory and is prefatory to any prisoner civil rights lawsuit; and they assert that Defendant did not exhaust his administrative remedies by following this mandatory grievance procedure prior to filing the instant lawsuit. *Id*.

In addition, Defendants have submitted competent summary judgment evidence that the Henderson County Detention Center has a written grievance policy mandating the process for inmate grievances. *See* MSJ Ex. A (Affidavit of Captain Michael Starkey) (the "Starkey Aff.") at 2 and Exs. A-2 at HC00601-00604 (Grievance Plan) and A-3 at HC605-HC00620 (Inmate Handbook). These documents establish a mandatory, two-step process in order to exhaust an inmate's grievance. First, the inmate must submit his grievance on an "Official Grievance Form." Ex. A-2 at HC 00602; Ex. A-3 at HC 00605. Grievances are to be investigated by a Grievance Board or Lieutenant and

6

responses provided to the inmate within 15 days. Ex. A-2 at HC00603; Ex. A-3 at HC00605 (specifying review at the level of either the Lieutenant or the Captain). If the inmate is dissatisfied with the response, he may appeal the response of the Grievance Board or the Lieutenant to the Assistant Chief of Staff (Ex. A-2 at HC00604) or the Major (Ex. A-3 at HC00605). Any such appeal must be in writing and will be responded to within five days; all appeal decisions by the Sheriff or his designee are final. *Id.*

Defendants have also submitted competent summary judgment evidence that Plaintiff received and signed for a copy of the Inmate Handbook on May 19, 2010. *See* Starkey Aff. at 3; Ex. A-1 at HC00040. Further, Defendants have submitted copies of all grievances Plaintiff filed while incarcerated during the relevant period at the Henderson County Detention Facility. *See* MSJ Ex. A-1 at HC00073-HC00086. They addressed a variety of issues but only two addressed the specific topics raised in Plaintiff's complaint. *See* Ex. A-1 at HC00077 (dated June 25, 2010, complaining of the 20-minute-late delivery of food trays to F Pod and Defendant Whittenberg ordering Plaintiff to strip); HC00078 (dated June 30, 2010, complaining of being placed in separation/segregation as of June 23, 2010, though portions of the copied grievance form are illegible). Plaintiff received a response to each of his grievances. *See* Ex. A-1 at HC00087-HC00100. The two grievances regarding the incident in Plaintiff's complaint specifically received responses from Defendant Captain Starkey on July 1, 2010 (Ex. A-1 at HC00095, response to HC00078) or on June 28, 2010 (Ex. A-1 at HC00096, response to HC00077). Each was a timely response in conformance with the review requirements of the Henderson County Detention Facility's Grievance Plan and Inmate Handbook.

Defendants assert that Plaintiff never proceeded beyond this first step of the grievance process to appeal the response he received in accordance with the appellate procedures of the second step. In other words, he did not file a written response to the Major and/or Chief of Staff. *See* Starkey Aff. at 4. That can only mean that Plaintiff was either satisfied with the response he received at step one of the process or he failed to follow step two of the mandatory grievance

7

procedure to exhaust his remedies under the Grievance Plan. Either way, he would be precluded from filing his instant lawsuit without first completing the second step.

In his Response, Plaintiff does not contest that he did not proceed to step two, an appeal of the responses he received. Instead, he contends that "Plaintiff's efforts for redress were terminated by Captain M. Starkey. When Capt. M. Starkey addressed plaintiff's grievance by stating: 'you aren't on disciplinary status at this time.'" *See* Response at 1 (citing MSJ Ex. A-1 at HC00077 and HC00095). However, there is nothing in Capt. Starkey's response that constitutes a termination of Plaintiff's use of the grievance process, and Plaintiff has not shown otherwise. To the contrary, if Plaintiff believed he was being subjected to discipline improperly, his recourse was to complete the grievance process.

Plaintiff also contends that the Inmate Handbook is inconsistent with the Grievance Plan. Response at 2-3. He alleges that no "Grievance Board" exists for review of grievances as required by the Grievance Plan. However, he only offers unsubstantiated allegation on this point. On the other hand, the Grievance Plan gives flexibility in who provides the response to grievances, including by a designee of the Lieutenant. *See* MSJ Ex. A-2 at HC000603. In this case, Captain Starkey provided the responses to both relevant grievances. In any event, this point is irrelevant to the fact that Plaintiff never advanced beyond step one to complete step two of the grievance process. Therefore, he never exhausted his administrative remedies and his instant lawsuit is thus precluded.

Plaintiff has not established a genuine dispute as to Defendants' affirmative defense that he has not exhausted his administrative remedies. Therefore, Defendants are entitled to summary judgment on that affirmative defense. Failure to exhaust administrative remedies is a failure to state a claim upon which relief may be granted. Thus, the lawsuit is subject to dismissal with prejudice on that basis, pursuant to 28 U.S.C. § 1915A(b)(1).

It is accordingly

**ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Failure to Exhaust Administrative Remedies (docket entry #32) is hereby **GRANTED**. It is further

**ORDERED** that Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff shall take nothing as a result of this lawsuit. It is further

**ORDERED** that the parties are to bear their own costs and fees. It is finally

**ORDERED** that any motion not previously or otherwise ruled on herein is hereby **DENIED**.

**So ORDERED and SIGNED this 18th day of March, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE